IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOUIS WEXBERG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-01777-JCH |
| | ) |
| RBS CITIZENS BANK, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, filed January 19, 2016. (ECF No. 20.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On February 19, 2015, Plaintiff Louis Wexberg filed a one-count complaint in the Circuit Court of St. Louis City against Defendants RBS Citizens Bank, N.A. ("RBS") and Sud's Motor Car Company, Inc. ("Sud's"). (ECF No. 1.7 at 1.) Wexberg asserted that RBS and Sud's had violated the Missouri Merchandising Practices Act, based upon allegations that he had entered into a purchase agreement with Suds to buy a motor vehicle, which was subsequently assigned to RBS, and that Sud's had engaged in fraud by failing to provide him with a proper certificate of title. *Id.* at 1-5. Wexberg thereafter amended his complaint to add Citizens Automobile Finance, Inc. as a party defendant. *Id.* at 27.

On August 7, 2015, Defendants filed a document titled "Suggestion of Bankruptcy," "inform[ing] [the] Court that on March 7, 2015, Plaintiff Louis Wexberg filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri, Case No.:

15-41526." *Id.* at 142. Defendants attached as an exhibit a copy of Wexberg's Chapter 7 Petition, which showed $149,800 in total liabilities. (ECF Nos. 1.7 at 144-148; 1.8 at 1-45.) On August 10, 2015 Wexberg amended his complaint by interlineation to include the bankruptcy trustee as a party plaintiff, and on August 12, 2015 Plaintiffs filed a second amended complaint (hereinafter, "Amended Complaint"). (ECF No. 1.1; ECF No. 1.8 at 47, 62.)

In the Amended Complaint, Plaintiffs allege the following in connection to the bankruptcy:

> 3. Plaintiff, Stuart Radloff, Trustee of the Bankruptcy Estate in Cause No. 15-41526, is the Trustee for the bankruptcy estate, has standing to pursue this lawsuit, and in whose name this lawsuit is also presently being pursued.

(ECF No. 1.1 ¶ 3.) In addition, similar to Wexberg's original complaint, Plaintiffs allege the following with respect to damages:

> 8. On or about June 12, 2012, Mr. Wexberg signed at least one document at the Suds dealership, a Retail Purchase Agreement ("RPA"), in which he agreed to purchase a 2010 Audi A5 for $43,000 (the majority amount of which was financed), plus interest…
>
> 10. In connection with the above transaction, Suds and Wexberg discussed, negotiated and agreed to other fees charged by Suds, including $161.39 for documents and $25.00 for license and title fees…
>
> 25. Pursuant to RSMo. 407.025, this Court may award Mr. Wexberg his actual damages, punitive damages, equitable relief, attorney[']s fees, and the costs of this action.
>
> 26. As a result of the foregoing, Mr. Wexberg and his family have suffered harms, losses, and damage including damage to their credit and interest rates, financial anxiety and distress, and other harms and losses that are difficult to quantify such as humiliation and embarrassment, distress, and betrayal.
> WHEREFORE Plaintiffs pray the Court enter Judgment to declare the purported sale void and rescinded, award Mr. Wexberg in excess of $25,000 for his actual damages, punitive damages in amounts that are fair and reasonable, his reasonable attorney's fees, and the costs of this action, and for such other and further relief as the court deems just and proper in the circumstances.

(ECF Nos. 1.1 ¶¶ 8, 10, 25, 26; 1.7 at 1-6.)

2

On December 2, 2015, Defendants filed a Notice of Removal, asserting diversity jurisdiction. (ECF No. 1.) Defendants state therein that on November 2, 2015, in response to a motion to dismiss filed by Sud's, "[Wexberg] filed an Affidavit claiming for the first time that he 'also suffered a bankruptcy' as a result of [D]efendants' alleged actions in this case." *Id.* ¶ 21. Defendants contend that, "based on Plaintiff's newly alleged damages [(i.e., $149,800 in total liabilities included in Wexberg's bankruptcy petition)] combined with the damages alleged in the [Amended Complaint], the amount in controversy exceeds $75,000." *Id.* ¶¶ 22-23. Defendants assert that their notice of removal is timely because it was filed within thirty days of receipt of the Affidavit—the document from which, they argue, removability was first ascertainable. *Id.* ¶¶ 25-30. Defendants have attached a copy the Affidavit to their Notice of Removal, the relevant provision of which reads in its entirety:

> 17. I continued to make monthly payments to Citizens bank from my home in Missouri. All of my monthly payments were made from my home in Missouri. Nobody could legally drive this car in Missouri or register it in Missouri with the title. I also can't sell the car without the title, so its worthless. All of the harm and damage has been done to me in Missouri, including the adverse effects on my credit. I've also suffered a bankruptcy which I filed in Missouri.

(ECF No. 1.2 ¶ 17.)

Plaintiffs now move for remand, arguing that Defendants' Notice of Removal was not timely. (ECF No. 20.)

## DISCUSSION

Plaintiffs contend that Defendants' Notice of Removal was not timely under 28 U.S.C. § 1446(b). Section 1446(b) provides, in pertinent part, as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…

3

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

The section 1446(b) time limit, while not jurisdictional, is mandatory, and "a timely motion to remand for failure to observe the thirty-day limit will be granted." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997) (citations omitted); *see also Johnson v. Wyeth*, No. 4:06CV00286 ERW, 2012 WL 1829868, at *3 (E.D. Mo. May 18, 2012). "[R]emoval statutes must be strictly construed," and "any doubts about the propriety of removal are resolved in favor of remand." *See Johnson*, 2012 WL 1829868, at *3 (citations omitted).

The parties dispute when the thirty-day removal period began. Plaintiffs assert that the "isolated statement" in Wexberg's Affidavit, which references the location of Wexberg's bankruptcy filing "because location was relevant to the issues raised by Defendants' motion to dismiss for lack of personal jurisdiction," revealed nothing that was not already known or ascertainable by Defendants more than thirty days prior to removal. (ECF Nos. 20 at 3; 21 at 1.) Plaintiffs contend that the thirty-day removal period began, "at the latest," when Plaintiffs filed their Amended Complaint, as their Amended Complaint "refers to the same bankruptcy filing which lists the same financial liabilities and losses that serve as [Defendants'] basis for removal." (ECF No. 21 at 5.) Defendants counter that "knowledge of the bankruptcy did not necessarily impute the knowledge of legal causation," and that until Wexberg filed his Affidavit "[i]t was not ascertainable that all of the liabilities and debts referenced in [Plaintiffs' Amended Complaint] were the direct result of the failure to deliver title." (ECF No. 22 at 2.)

4

The Court concludes that Wexberg's Affidavit did not provide any information to Defendants that was not already known or ascertainable by them more than thirty days prior to removal. Although Defendants assert that "[Wexberg] filed an Affidavit claiming for the first time that he 'also suffered a bankruptcy' as a result of [D]efendants' alleged actions in this case," the Affidavit reads, "I've also suffered a bankruptcy which I filed in Missouri." The Court finds that Wexberg's statement in the Affidavit, when read in totality and in context, did not explicitly assert a new claim for damages. Rather, the statement merely indicates the location of Wexberg's bankruptcy filing—a fact that was known to Defendants, at the latest, on August 7, 2015 when they filed their Suggestion of Bankruptcy. Because Defendants knew of the bankruptcy filing and its location prior to their receipt of the Affidavit, the Affidavit was not an other paper from which it was *first ascertainable* that the case was or had become removable. *See* 28 U.S.C. § 1446(b)(3); *see also Allen v. Bayer Healthcare Pharmaceuticals, Inc.*, 4:14-CV-420 (CEJ), 2014 WL 1613949, at *2 (E.D. Mo. Apr. 22, 2014) (Court must determine at what point defendants could have intelligently ascertained that action was removable). Thus, the Affidavit did not trigger an opportunity for Defendants to remove the matter, and the notice of removal was not timely under section 1446(b).

Plaintiffs have requested attorney's fees incurred in bringing this Motion. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." "As the statutory language indicates, such an award is to be made at the court's discretion." *See M&K Chem. Eng'g Consultants, Inc. v. Mallinckrodt Inc.*, No. 4:08CV1194 CDP, 2008 WL 3981990, at *1 (E.D. Mo. Aug. 22, 2008) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In general, a district court may award attorney's fees where the removing party had no

"objectively reasonable basis" for removal. *Martin*, 546 U.S. at 141. Upon consideration, the Court finds that an award of fees and costs is not warranted in this matter.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 20) is **GRANTED**, and that this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri. A separate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees is **DENIED**.

Dated this 19th day of February, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE